UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KATHI M. WALLIS,<br><br>        Plaintiff,<br><br> v.<br><br>INDYMAC FEDERAL BANK; WELLS FARGO BANK; REGIONAL TRUSTEE SERVICES CORP; AND JOHN DOES,<br><br>        Defendants. | No. C09-5500BHS<br><br>INDYMAC FEDERAL BANK AND WELLS FARGO BANK'S ANSWER AND AFFIRMITIVE DEFENSES TO PLAINTIFF'S COMPLAINT |

## **ANSWER**

IndyMac Federal Bank ("IndyMac") and Wells Fargo Bank ("Wells Fargo") hereby answer Plaintiff's Complaint. IndyMac and Wells Fargo state that all allegations contained in the Complaint are denied unless specifically admitted and any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculations that may be contained in the averment or in the Complaint as a whole. IndyMac and Wells Fargo further answers as follows:

## **I. ALLEGATIONS**

 1.1 IndyMac and Wells Fargo are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1.1, and therefore, deny them.

INDY MAC BANK'S AND WELLS FARGO BANK'S ANSWER AND AFFIRMITIVE DEFENSES TO PLAINTIFF'S COMPLAINT - 1

DAVIES LAW GROUP
COLUMBIA TOWER
701 5TH AVENUE, SUITE 4200
SEATTLE, WA 98104
PHONE: (206) 262-8050

1.2	IndyMac and Wells Fargo are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1.2, and therefore, deny them.

1.3	IndyMac and Wells Fargo are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1.3, and therefore, deny them.

1.4	IndyMac and Wells Fargo are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1.4, and therefore, deny them.

1.5	IndyMac and Wells Fargo are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1.5, and therefore, deny them.

1.6	IndyMac and Wells Fargo are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1.6, and therefore, deny them.

1.7	IndyMac and Wells Fargo are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1.7, and therefore, deny them.

1.8	IndyMac and Wells Fargo are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1.8, and therefore, deny them.

1.9	IndyMac and Wells Fargo are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1.9, and therefore, deny them.

2.1	IndyMac and Wells Fargo are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2.1, and therefore, deny them.

2.2	IndyMac and Wells Fargo deny the allegations in Paragraph 2.2.

INDY MAC BANK'S AND WELLS FARGO BANK'S ANSWER AND AFFIRMITIVE DEFENSES TO PLAINTIFF'S COMPLAINT - 2

DAVIES LAW GROUP
COLUMBIA TOWER
701 5TH AVENUE, SUITE 4200
SEATTLE, WA 98104
PHONE: (206) 262-8050

# AFFIRMATIVE DEFENSES

Further answering, IndyMac and Wells Fargo assert the following affirmative defenses:

### First Affirmative Defense

For its first affirmative defense, IndyMac and Wells Fargo allege that Plaintiff's Complaint, in whole, or in part, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

For its second affirmative defense, IndyMac and Wells Fargo assert the defense of good faith, due care, and failure to directly or indirectly induce the alleged act, or acts, constituting the alleged violation or cause of action.

### Third Affirmative Defense

For its third affirmative defense, IndyMac and Wells Fargo assert that, in the event liability is established against one or more of the defendants, which liability IndyMac Bank and Wells Fargo expressly deny, IndyMac and Wells Fargo did not know, and in the exercise of reasonable care, could not have known, of the existence of the facts by reason of which liability is alleged to exist.

### Fourth Affirmative Defense

For its fourth affirmative defense, IndyMac and Wells Fargo assert that the damages, if any, suffered by Plaintiff should be apportioned to the relative fault of the Plaintiff and/or other parties, including other defendants.

### Fifth Affirmative Defense

For its fifth affirmative defense, IndyMac and Wells Fargo assert that Plaintiff's claims are barred by the doctrines of estoppel, unclean hands, waiver, and/or waiver.

### Sixth Affirmative Defense

For its sixth affirmative defense, IndyMac and Wells Fargo assert that Plaintiff has failed to mitigate her damages, if any.

INDY MAC BANK'S AND WELLS FARGO BANK'S ANSWER AND AFFIRMITIVE DEFENSES TO PLAINTIFF'S COMPLAINT - 3

**DAVIES LAW GROUP**
COLUMBIA TOWER
701 5TH AVENUE, SUITE 4200
SEATTLE, WA 98104
PHONE: (206) 262-8050

**Seventh Affirmative Defense**

For its seventh affirmative defense, IndyMac and Wells Fargo allege offset against any damages awarded to Plaintiff.

**Eighth Affirmative Defense**

For its eighth affirmative defense, IndyMac and Wells Fargo allege that Plaintiff's damages, if any, were proximately caused by Plaintiff's own actions or inactions and/or the actions of inactions of others, over whom IndyMac and Wells Fargo had no control.

**Ninth Affirmative Defense**

For its ninth affirmative defense, IndyMac and Wells Fargo allege that it is not liable for any of the Plaintiff's alleged damages under a theory of contributory or comparative negligence.

**Tenth Affirmative Defense**

For its tenth affirmative defense, IndyMac and Wells Fargo allege that Plaintiff has failed to name and join all parties potentially liable for any damages to be proven by Plaintiff.

**Eleventh Affirmative Defense**

For its eleventh affirmative defense, IndyMac and Wells Fargo allege that some or all of Plaintiff's claims are barred by the applicable statute of limitations.

**Twelfth Affirmative Defense**

For its twelfth affirmative defense, IndyMac and Wells Fargo allege that the acts and omissions complained of by Plaintiff exceeded the actual and/or apparent authority, if any, given by IndyMac and Wells Fargo and Plaintiff is barred from asserting claims based on said acts and/or omissions against IndyMac and Wells Fargo.  Further, Plaintiff knew or in the exercise of reasonable diligence should have known that the acts and/or omissions relied on were not authorized by IndyMac or Wells Fargo.

**Thirteenth Affirmative Defense**

For its thirteenth affirmative defense, IndyMac and Wells Fargo allege that, at all times relevant to the Complaint, IndyMac and Wells Fargo complied with all state and/or federal laws.

INDY MAC BANK'S AND WELLS FARGO BANK'S ANSWER AND AFFIRMITIVE DEFENSES TO PLAINTIFF'S COMPLAINT - 4

**DAVIES LAW GROUP**
COLUMBIA TOWER
701 5TH AVENUE, SUITE 4200
SEATTLE, WA 98104
PHONE: (206) 262-8050

**RESERVATION OF RIGHTS**

IndyMac and Wells Fargo specifically reserve the right to amend their answer to add defenses and affirmative defenses, to add counterclaims and third-party defendants, and to argue legal theories in addition to, or in lieu of, those specifically identified herein, as the facts in this matter may warrant, including without limitation, additional or further facts hereafter disclosed through discovery.

DATED this 26th day of January, 2010

*Davies Law Group*

  /s/ Douglas L. Davies
Douglas L. Davies, WSBA #16750
Davies Law Group
Columbia Tower
701 5th Avenue, Suite 4200
Seattle, WA 98104
(206) 262-8050

**Attorneys for IndyMac Bank and Wells Fargo Bank**

INDY MAC BANK'S AND WELLS FARGO BANK'S ANSWER AND AFFIRMITIVE DEFENSES TO PLAINTIFF'S COMPLAINT - 5

**DAVIES LAW GROUP**
COLUMBIA TOWER
701 5TH AVENUE, SUITE 4200
SEATTLE, WA 98104
PHONE: (206) 262-8050

## DECLARATION OF SERVICE

I, Trish Carney, state that I am a citizen of the United States of America and a resident of the State of Washington, I am over the age of twenty one years, I am not a party to this action, and I am competent to be a witness herein. I electronically filed the aforementioned with the Clerk of the Court using the CM/ECF System who will send notification of such filing to the following parties who have appeared in this action as of today's date:

Kathi M. Wallis
P.O. BOX 1395
Gig Harbor, WA 98335

David A. Weibel                dweibel@bwmlegal.com

I have also placed a copy to plaintiff Kathi M. Wallis in the U.S. mail.

There are no other parties who have appeared in this action as of today's date that need to be served manually.

I DECLARE under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 26th day of January, 2010.

*Trish Carney*
Trish Carney

INDY MAC BANK'S AND WELLS FARGO BANK'S ANSWER AND
AFFIRMITIVE DEFENSES TO PLAINTIFF'S COMPLAINT - 6

**DAVIES LAW GROUP**
COLUMBIA TOWER
701 5TH AVENUE, SUITE 4200
SEATTLE, WA 98104
PHONE: (206) 262-8050